IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS
KANSAS CITY DIVISION

| | |
|---|---|
| HEALTHSOURCE CHIROPRACTIC, LLC, <br> P.O. Box 770050 <br> Lakewood, OH 44107, <br> <br> Plaintiff, <br> <br> vs. <br> <br> HEALTH SOURCE KC INC. d/b/a <br> HEALTHSOURCE SPORT & SPINE <br> c/o Ryan M. Nadolski, Registered Agent <br> 5424 Johnson St. <br> Mission, KS 66205; and <br> <br> RYAN M. NADOLSKI <br> 5228 Juniper St. <br> Roeland Park, KS 66205 <br> <br> Defendants. | Case No. _____ <br> Judge: _____ <br> <br> **PLAINTIFF'S VERIFIED COMPLAINT** <br> <br> **FOR TRADEMARK INFRINGEMENT** |

Comes now the plaintiff, HealthSource Chiropractic, LLC (hereafter "HealthSource"), and for its Complaint pleads and alleges as follows:

**ALLEGATIONS REGARDING PARTIES, VENUE, AND JURISDICTION**

1. HealthSource is an Ohio limited liability company, with its headquarters and principal place of business in Ohio. Beginning in 2006, it has continuously operated a system of "HealthSource" branded, franchised chiropractic health clinics throughout the U.S. These include a current franchisee located in the Kansas City, KS area, which has territorial rights to develop at least two chiropractic clinics in the general Kansas City area. "HealthSource" is a

federally registered service mark of HealthSource,[1] registered on the Principal Register in 2014 under no. 4662476. "HealthSource Chiropractic" is a federally registered service mark of HealthSource, registered on the Principal Register in 2008 under no. 3431728. HealthSource is well known in the chiropractic community as a full-service franchise model, one that trains its franchisees in all the facets of operating a highly successful business, to include business operations, clinical operations, revenue cycle management, marketing, finance, employee training, and advanced chiropractic methods. As part of this model, it trains marketers, conducts marketing for its member clinics, enforces certain standards for its member clinics, and advertises for them nationally.

2. Health Source KC Inc. d/b/a "HealthSource Sport & Spine" (hereafter "HSKC"), is a Kansas corporation with its principal place of business in Mission, KS, within the venue district of this Court. It operates a chiropractic health clinic at 5424 Johnson Dr., Mission, KS 66205. Despite the use of "HealthSource" as its principal branding identifier, HSKC has never been a franchisee of, or otherwise affiliated with, HealthSource, nor ever been licensed to use its service marks.

3. Ryan M. Nadolski (hereafter "Nadolski") is a natural person who resides in Roeland Park, KS, within the venue district of this Court. Nadolski is a chiropractor who owns, operates, and controls HSKC. Nadolski is the natural person within HSKC who decided to brand his chiropractic clinic as "HealthSource Sport & Spine."

---

[1] The owner of the HealthSource registrations is identified at the USPTO as HealthSource Chiropractic, Inc. Notably, the corporation filed with the Ohio Secretary of State a conversion of its business entity to an LLC, effective as of March 15, 2022.

4. Nadolski is a 2013 graduate of Cleveland University-Kansas City, a chiropractic college located in Overland Park, KS. He was first licensed as a chiropractor in the State of Kansas in October 2013.

5. In 2017, Nadolski was publicly censured by the Kansas State Board of Healing Arts ("Board") for, <u>inter alia</u>, false and fraudulent advertising. A true and correct copy of the public censure order, as posted on the Board's public website, is attached as Ex. 1. As part of his discipline, he was required to complete remedial ethics courses, including one on the "Legal and Regulatory Issues Associated With Healthcare Marketing."

6. In 2016, Nadolski first incorporated HSKC under that name in Kansas and began doing business as HealthSource Sport & Spine. At the time, and dating back to 2011, a HealthSource franchisee was operating a franchise in Manhattan, KS. On information and belief, prior to 2016, Nadolski operated his chiropractic practice under a different name, not similar to "HealthSource."

7. Venue is proper, <u>inter alia</u>, 28 U.S.C. § 1391(b) and (c), because both defendants are domiciled, reside in, and/or have their principal places of business in Kansas, in the Kansas City area.

8. Personal jurisdiction is appropriate over HSKC, <u>inter alia</u>, because it regularly and systematically conducts business in Kansas by operating a chiropractic health clinic in Mission, KS that is the subject of this Complaint.

9. Personal jurisdiction is appropriate over Nadolski, <u>inter alia</u>, as he is domiciled in Kansas.

10. This is a civil action for infringement and dilution of federally registered trademarks under the Lanham Act, Title 15 U.S.C. § 1051 *et seq.*; unfair competition pursuant to Title 15 U.S.C. § 1125; and trademark infringement and unfair competition under the common law of the State of Kansas. This Court therefore has subject-matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act); 28 U.S.C. § 1331, 1332, 1338(a) (acts of Congress relating to trademarks); and pendant, ancillary, and/or supplemental jurisdiction over the state law claim, in accordance with 28 U.S.C. § 1367.

## GENERAL ALLEGATIONS

11. "HealthSource" is a federally registered service mark of HealthSource, registered on December 30th, 2014, registration no. 4662476 (Principal Register), in International Class 44, for "Chiropractic services and physical therapy; medical and radiology services pertaining to chiropractic and physical therapy". This service mark has been, and continues to be, in commercial use from March 26, 2006, to the present. A true and correct copy of the registration certificate for "HealthSource" is attached as Ex. 2. This service mark became incontestable under the Lanham Act after December 30th, 2019, and a combined declaration of use and incontestability was filed with the U.S. Patent and Trademark Office ("USPTO") on September 9th, 2020. A true and correct copy of the USPTO's acknowledgment of incontestability is attached as Ex. 3. (Hereafter, the "First Registered Mark").

12. "HealthSource Chiropractic" is a federally registered service mark of HealthSource, registered on April 20th, 2008, under registration no. 3431728 (Principal Register), in International Class 44, for "Chiropractic services and physical therapy; medical and radiology

services pertaining to chiropractic and physical therapy". This service mark has been and continues to be, in commercial use by HealthSource from February 1, 2006, to the present. A true and correct copy of the registration certificate for "HealthSource" is attached as Ex. 4. This service mark became incontestable under the Lanham Act after April 20th, 2013, and a combined declaration of use and incontestability was filed with the USPTO on January 27th, 2015. A true and correct copy of the USPTO's acknowledgment of incontestability is attached as Ex. 5. (Hereafter, the "Second Registered Mark").

13. HealthSource's duly licensed franchisees offer and provide, under the First Registered Mark and the Second Registered Mark, the following services to individuals and organizations: chiropractic, wellness, and rehabilitation services, physical therapy; medical and radiology services pertaining to chiropractic and physical therapy (the "Services").

14. HealthSource has expended substantial time, money, and resources marketing, advertising, and promoting the Services sold by its franchisees under the First Registered Mark and the Second Registered Mark, including through direct mail, radio, and other traditional media, internet advertising, and marketing via numerous social media platforms. For example, during calendar year 2023 alone, HealthSource and its franchisees expended in excess of $800,000 on such marketing, advertising, and promotion under the First Registered Mark and the Second Registered Mark. Additionally, HealthSource has received significant coverage in television, print, and other media over the years.

15. The Services provided by HealthSource's franchisees under the First Registered Mark and the Second Registered Mark are of high quality, offered by medical professionals and other

licensed practitioners, and are viewed by HealthSource to be different and unique within the chiropractic industry. As a result of HealthSource's expenditures and efforts, the First Registered Mark and the Second Registered Mark have come to signify the high quality of the Services, and have acquired incalculable distinction, reputation, and goodwill belonging exclusively to HealthSource.

16. As a result of its marketing efforts and services provided in conjunction with the First Registered Mark and Second Registered Mark, HealthSource has generated substantial goodwill for itself and its network of franchises.

17. Unbeknownst to HealthSource, on April 26, 2016, long after HealthSource acquired protectable, exclusive rights in the First Registered Mark and the Second Registered Mark, Nadolski incorporated HSKC. Soon thereafter, Nadolski began to operate a chiropractic clinic in Mission, KS under the deceptively similar name "HealthSource Sport & Spine". A copy of the Kansas Secretary of State Filing dated April 24, 2016, is attached hereto as Ex. 6. HSKC uses the domain name "HealthSourcekc.com" as its internet presence, resulting in consumers searching for HealthSource by name to find HSKC via the internet. Copies of preserved internet printouts showing HSKC's internet presence are attached hereto as Ex. 7.

18. Nadolski directed and controlled the selection of the name of HSKC and its d/b/a name, both of which include the exact same principal element (i.e., "HealthSource") as HealthSource uses in the First Registered Mark and the Second Registered Mark.

19. On information and belief, Nadolski selected the name of HSKC and the "HealthSource" branding focus with the purpose and intent of creating the impression to the

public that his clinic was affiliated with the HealthSource network of franchised chiropractic clinics, without paying for the privilege. At that time, HealthSource had approximately 295 franchise locations throughout the United States and Canada, including one in Manhattan, KS; marketed its franchise system to chiropractors and chiropractic students on a nationwide basis; maintained an extensive internet presence featuring search engine optimization; and was therefore well-known to chiropractic practitioners and students across the United States.

20. In 2024, coinciding with the opening of a properly licensed HealthSource franchised chiropractic clinic in the Kansas City area, HealthSource first became aware that Nadolski and HSKC were infringing on HealthSource's trademarks by operating and advertising for chiropractic services under the name "HealthSource Sport & Spine" in that area. Nadolski and HSKC market their services using the name "HealthSource" as the principal branding element of their business, using the same channels that are used by HealthSource and its franchisees, including internet and social media platforms such as Facebook, Instagram, and Twitter/X.

21. On May 13th, 2024, HealthSource contacted HSKC and Nadolski and instructed them to cease and desist from further infringement on HealthSource's service marks, because of their similarity and the growing risk of actual customer confusion, given HealthSource's franchisee having begun its operations in the Kansas City metropolitan area. A true and correct copy of the cease and desist demand is attached as Ex. 8.

22. HSKC and Nadolski have refused to halt the use and promotion of their infringing service mark in connection with services that are identical to the HealthSource Services, and continue to solicit, offer, advertise, and promote such services to the same types of persons and

entities as "HealthSource" under their infringing service mark as of the date of filing of this Complaint (as shown in Ex. 7).

23. Upon information and belief, the services offered by Nadolski and HSKC are of inferior quality to those offered by HealthSource franchisees. By holding themselves out as affiliated with HealthSource, Nadolski and HSKC are soliciting business through false advertising and engaging in conduct likely to deceive and harm the public.

24. Upon information and belief, between May 13th, 2014, and the present, there has continued to be actual confusion between HealthSource's business and that of HSKC and Nadolski, and potential sales to HealthSource's franchisees have been diverted to HSKC, resulting in a loss of franchise-related fees to HealthSource.

25. The likely result of HSKC's and Nadolski's infringement of HealthSource's federally registered, incontestable service marks is that individuals and corporations will infer an affiliation between the services of HSKC and Nadolski and HealthSource, when in fact there is none, and potential sales to HealthSource's Kansas City franchisee will be diverted to HSKC, resulting in a loss of franchise-related fees to HealthSource itself and an inability of HealthSource to fully exploit its rights in the First Registered Mark and Second Registered Mark within the Kansas City market.

26. HealthSource is now seeking to avoid confusion, protect its goodwill and reputation, and prevent HSKC and Nadolski from freeloading on HealthSource's national marketing and branding to the detriment of legitimate franchisees in the Kansas City area. This, in turn, directly causes damage to HealthSource itself, through the loss of royalties from its franchisees.

**COUNT I—REGISTERED TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1)(a))**

27. HealthSource incorporates the allegations set forth in paragraphs 1-26 as if fully restated here.

28. HealthSource is the owner of the First Registered Mark and Second Registered Mark, and all common law rights in those service marks. Under 15 U.S.C. § 1115, the First Registered Mark and Second Registered Marks are *prima facie* evidence of the validity of the marks and of HealthSource's exclusive right to use the First Registered Mark and Second Registered Mark in commerce. Both the First Registered Mark and the Second Registered Mark are also incontestable under the Lanham Act.

29. HSKC's and Nadolski's marketing, promotion, and provision of its services under the "Health Source KC Inc." and "HealthSource Sport & Spine", is likely to and has caused confusion, mistake, and/or deception as to the origin, source, or sponsorship of their services or as to an association, affiliation, or connection of HSKC and Nadolski with HealthSource, and therefore constitutes a violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

30. HSKC's and Nadolski's acts, both in copycatting a well-known brand in the chiropractic industry and, in particular, their continued infringement after being given full notice of HealthSource's rights, have been committed with the deliberate intent to cause confusion, cause mistakes, and deceive.

31. Upon information and belief, HSKC and Nadolski have unjustly benefited from their unlawful actions including, without limitation, reaping the benefits of nationwide, regional, and

local marketing efforts conducted by HealthSource and/or its franchisees and obtaining revenue from patients that would otherwise flow to HealthSource and/or its franchisees.

32. If not enjoined by this Court under 15 U.S.C. § 1116, HSKC and Nadolski will continue to market, promote, and provide chiropractic services under "Health Source KC Inc." and "HealthSource Sport & Spine," and otherwise exploit imitations of HealthSource's First Registered Mark and Second Registered Mark for their own use, in violation of HealthSource's rights under the Lanham Act, 15 U.S.C. § 1114.

33. As a result of HSKC's and Nadolski's willful, deliberate, and malicious activities and conduct, HealthSource has been harmed and will continue to be harmed. Accordingly, HealthSource is entitled to recover its statutory damages, treble damages, HealthSource's reasonable attorneys' fees, investigative fees, prejudgment interest, the costs of this action under 15 U.S.C. § 1117(a), disgorgement of HSKC's and Nadolski's profits, and such other and further relief as the Court may deem just and proper.

34. Nadolski's and HSKC's acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to HealthSource and its valuable reputation and goodwill with the consuming public, for which damages alone will not provide HealthSource with an adequate remedy at law.

35. HealthSource therefore requests that the Court also preliminarily and permanently enjoin HSKC and Nadolski from continued and future infringement of the First Registered Mark and Second Registered Mark, as further detailed in the Prayer for Relief.

**COUNT II--FEDERAL UNFAIR COMPETITION (15 U.S.C. §1125(a))**

36. HealthSource incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

37. HealthSource has expended substantial resources, including substantial time and money, in building the value and reputations of the First Registered Mark and Second Registered Mark, and associated Services, including national advertising campaigns.

38. HSKC and Nadolski have advertised and utilized their "Health Source KC Inc." and "Health Source Sport & Spine" names without HealthSource's permission, with the intent to create an association and affiliation with HealthSource and to trade off the goodwill of the First Registered Mark and Second Registered Mark.

39. The continued use by HSKC and Nadolski of colorable imitations of the First Registered Mark and Second Registered Mark as set forth above, and their continued acts as described throughout, constitute unfair competition with HealthSource in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and in violation of HealthSource's exclusive rights to exploit the First Registered Mark and Second Registered Mark.

40. Upon information and belief, HSKC and Nadolski have unjustly benefited from their unlawful actions.

41. HealthSource has been and continues to be damaged by the confusion caused by HSKC's and Nadolski's unlawful actions.

42. HSKC's and Nadolski's use of a colorable imitation of HealthSource's First Registered Mark and Second Registered Mark has caused and is causing HealthSource to lose control of the goodwill associated with its marks, thus irreparably harming HealthSource.

HSKC's and Nadolski's conduct and acts, as alleged above, will continue to cause irreparable harm to HealthSource unless enjoined by this Court.

43. As a result of HSKC's and Nadolski's willful, deliberate, and malicious activities and conduct, HealthSource has been harmed and will continue to be harmed. Accordingly, HealthSource is entitled to recover its statutory damages, treble damages, HealthSource's reasonable attorneys' fees, investigative fees, prejudgment interest, the costs of this action under 15 U.S.C. § 1117(a), disgorgement of HSKC's and Nadolski's profits, and such other and further relief as the Court may deem just and proper.

44. If not enjoined by this Court under 15 U.S.C. § 1116, HSKC and Nadolski will continue to market, promote, and provide chiropractic services under "Health Source KC Inc." and "HealthSource Sport & Spine" and otherwise exploit imitations of HealthSource's First Registered Mark and Second Registered Mark for their own use, in violation of HealthSource's rights under the Lanham Act, 15 U.S.C. § 1125.

45. Nadolski's and HSKC's acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to HealthSource and to its valuable reputation and goodwill with the consuming public, for which damages alone will not provide HealthSource with an adequate remedy at law.

46. HealthSource therefore requests that the Court also preliminarily and permanently enjoin HSKC and Nadolski from continued and future infringement of the First Registered Mark and Second Registered Mark, as further detailed in the Prayer for Relief.

**COUNT III--COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION (Kansas Common Law)**

47. HealthSource incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as if fully set forth herein.

48. This cause of action under Kansas state common law is separate and independent of the federally based causes of action previously set forth herein, but it is between the same parties and is based on the same operative facts as set forth in the prior causes of action. This Court accordingly has supplemental jurisdiction over this cause of action.

49. As set forth above, HealthSource does business in the State of Kansas, where it owns and enjoys trademark rights throughout the United States in the First Registered Mark and Second Registered Mark for its Services.

50. HealthSource's interest in the First Registered Mark and Second Registered Mark is valid and legally protectable.

51. The use of colorable imitations of the First Registered Mark and Second Registered Mark by HSKC and Nadolski in connection with the solicitation, provision, advertising, marketing, and promotion of HSKC's and Nadolski's services is likely to cause and has caused confusion among individuals.

52. HSKC's and Nadolski's alleged acts of infringement have been committed with the intent to cause confusion and mistake and to deceive.

53. HSKC's and Nadolski's use of colorable imitations of the First Registered Mark and Second Registered Mark for HSKC's and Nadolski's goods and services constitutes trademark infringement and unfair competition under the common law of the state of Kansas.

54. HealthSource has been and will continue to be damaged as a result of HSKC's and Nadolski's infringement.

55. Upon information and belief, HSKC and Nadolski have unjustly benefited by their unlawful actions.

56. As a result of HSKC's and Nadolski's willful, deliberate, and malicious activities and conduct, HealthSource has been harmed and will continue to be harmed. Accordingly, HealthSource is entitled to recover its actual damages, punitive damages, HealthSource's reasonable attorneys' fees, investigative fees, prejudgment interest, disgorgement of HSKC's and Nadolski's profits, and such other and further relief as the Court may deem just and proper under Kansas common law.

57. HSKC's and Nadolski's use of a colorable imitation of HealthSource's First Registered Mark and Second Registered Mark has caused and is causing HealthSource to lose control of the goodwill associated with its marks, thus irreparably harming HealthSource. HSKC's and Nadolski's conduct and acts, as alleged above, will continue to cause irreparable harm to HealthSource unless enjoined by this Court, which damages alone will not fully remedy.

58. HealthSource therefore requests that the Court also preliminarily and permanently enjoin HSKC and Nadolski from continued and future infringement of the First Registered Mark and Second Registered Mark, as further detailed in the Prayer for Relief.

## PRAYER FOR RELIEF

WHEREFORE, HealthSource respectfully demands judgment against HSKC and Nadolski, jointly and severally, as follows:

1. The issuance of injunctive relief against HSKC, Nadolski, and all others in active concert or participation with HSKC and Nadolski, enjoining and restraining them from:

a. Imitating, copying, or making any other infringing use of the First Registered Mark, Second Registered Mark, and/or HealthSource's name;

b. Advertising, soliciting, or promoting HSKC's and Nadolski's services using a colorable imitation or similar name to HealthSource's First Registered Mark and Second Registered Mark, including by using the domain name "HealthSourcekc.com";

c. Using any false designation of origin, or false or misleading description, or false or misleading representation that can or is likely to lead the consumers or public erroneously to believe that any services provided by them are affiliated, connected, promoted, sponsored, approved, or authorized by or for HealthSource;

d. Assisting, aiding, or abetting any other person, organization, or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (c) above.

2. Enter an order requiring the destruction of all colorable imitations of the First Registered Mark and Second Registered Mark and HealthSource's name which are in HSKC's and Nadolski's possession or under their control.

3. Enter an order requiring Defendant HSKC to change its name by amending its Articles of Incorporation, and to cease using any trade name in connection with its chiropractic practice that uses the term "HealthSource" or "Health Source," including its web domain "HealthSourcekc.com".

4. Enter an order for an accounting, and an order directing HSKC and Nadolski to pay HealthSource's general, treble, actual (as proven at trial), punitive, and statutory damages as follows:

a. HealthSource's actual damages and disgorgement of HSKC's and Nadolski's profits, pursuant to 15 U.S.C. § 1117(a), for HSKC's and Nadolski's willful and ongoing violation of HealthSource's First Registered Mark and Second Registered Mark;

b. HealthSource's actual damages and punitive damages as may be available under Kansas common law; and

c. treble damages and such pre-judgment interest as the Court deems appropriate, pursuant to 15 U.S.C. § 1117(b), for HSKC's and Nadolski's intentional use of a counterfeit mark of the First Registered Mark and Second Registered Mark, knowing that they are counterfeit by virtue of being substantially indistinguishable from HealthSource's First Registered Mark and Second Registered Mark, and used in connection with the sale of identical chiropractic services.

5. Enter an order directing HSKC and Nadolski to pay to HealthSource both the costs of this action and the reasonable attorneys' fees incurred by HealthSource in prosecuting this action, under 15 U.S.C. § 1117(a)(3) and other applicable law.

6. Grant to HealthSource such other and additional relief as is available from this Court at law or equity.

DATED this 14th day of November 2024.

Respectfully Submitted:

**/s Cheryl L. Burbach**
Cheryl L. Burbach, Esq., KS State Bar No. 23592
cburbach@hoveywilliams.com
C. Blair Barbieri, Esq., KS State Bar No. 27090
bbarbieri@hoveywilliams.com
HOVEY WILLIAMS LLP
10801 Mastin Boulevard, Suite 1000
Overland Park, KS 66210
Phone: (913) 647-9050/Fax: (913) 647-9057

Jeffrey S. Moeller, Esq., OH State Bar No. 0074512
(p.h.v. to follow)
jmoeller@sseg-law.com
SEELEY, SAVIDGE EBERT & GOURASH, LPA
26600 Detroit Rd. Suite 300, Cleveland, OH 44145
Tel: (216) 566-8200/Fax: (216) 566-0213

*Counsel for: HealthSource Chiropractic, LLC*

## VERIFICATION

I, Kristen Wallace, under penalty of perjury of the laws of the United States, state: that I am the Chief Financial Officer of HealthSource Chiropractic, Inc.; that I have read, am familiar with, and have personal knowledge of the contents of the foregoing Verified Complaint; and that to the best of his knowledge, information, and belief, the allegations thereof are true and correct.

Executed this 12ʰ day of November, 2024.

_Kristen Wallace_
Kristen Wallace

SWORN TO AND SUBSCRIBED before me by the said Kristen Wallace on this 12ᵗʰ day of November, 2024, to certify which witness my hand and seal of office.

_____
Notary Public

**SCOTT LIME**
Notary Public, State of Ohio
My Commission Expires
February 23, 2027
COMMISSION: 2016-RE-623662

11/12/24

18